740 F.2d 210
 Caroline GINGRAS, Lulia Guess, Sally Hernandez, Dean Ludorf,
Antonio Moreno De Jesus, Mabel Stanford, by her next friend
Eleanor Pitts, on their own behalf and on behalf of others
similarly situated, Plaintiffs-Appellees,
v.
Douglas LLOYD, Commissioner of Health Services, State of
Connecticut, Stephen Heintz, Commissioner of
Income Maintenance, State of
Connecticut, Defendants-Appellants.
 No. 1435, Docket 84-7274.
 United States Court of Appeals,
Second Circuit.
 Argued June 25, 1984.
Decided Aug. 3, 1984.
 
 Robert A. Solomon, New Haven, Conn. (Michael O. Sheehan, New Haven Legal Assistance Ass'n, Inc., New Haven, Conn., on the brief), for plaintiffs-appellees.
 Thomas J. Ring, Asst. Atty. Gen., Hartford, Conn. (Joseph I. Lieberman, Atty.Gen., State of Conn., Richard J. Lynch, Robert A. Nagy, Asst. Attys. Gen., Hartford, Conn., on the brief), for defendants-appellants.
 Before KEARSE, PIERCE and MARKEY,* Circuit Judges.
 KEARSE, Circuit Judge:
 
 
 1
 Defendants Douglas Lloyd, Commissioner of Health Services for the State of Connecticut, et al. (the "State"), appeal from so much of a final judgment of the United States District Court for the District of Connecticut, Warren W. Eginton, Judge, as awarded plaintiffs attorney's fees in the amount of $15,806.25, plus costs, pursuant to 42 U.S.C. Sec. 1988 (Supp. V 1981), in connection with plaintiffs' suit under 42 U.S.C. Sec. 1983 (Supp. V 1981), seeking declaratory and injunctive relief against the State's announced closing of a hospital. 585 F.Supp. 684. On appeal, the State contends that since all of the relief requested by plaintiffs in the lawsuit was denied, plaintiffs were not entitled to an award of attorney's fees because they were not "prevailing parties" within the meaning of Sec. 1988. Because we cannot determine from the district judge's rulings upon what premise he made the award of fees, we vacate the award and remand the matter to the district court for findings and clarification.
 
 BACKGROUND
 
 2
 The action was commenced in February 1981, shortly after the State announced that the Laurel Heights Hospital (the "Hospital"), which administered to the special rehabilitative needs of persons afflicted with tuberculosis and other chronic disabilities, would cease operations on March 12, 1981. Plaintiffs, patients at the Hospital, alleged that the closing would violate their due process rights under the Fourteenth Amendment to the Constitution and would constitute discrimination on the basis of race and physical handicap, in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000d-2000d-4 (1976), and Sec. 504 of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 794 (Supp. V 1981).
 
 
 3
 Following the receipt of a report by court-appointed special masters, the court denied plaintiffs' motion for a preliminary injunction, and the State was allowed to close the Hospital on schedule. Eventually, the court denied all of the relief requested by the plaintiffs, except for their request for attorney's fees.
 
 
 4
 The court dealt with the matter of attorney's fees in two opinions. In its first opinion, the court noted that "[a] prevailing party under Sec. 1988 has been defined as one whose success ' "on any significant issue in litigation ... achieves some of the benefit ... sought in bringing the suit." ' Hensley v. Eckerhart [461 U.S. 424, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) ] (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir.1978))." Ruling on Plaintiffs' Motion for Attorneys' Fees, dated September 26, 1983 ("First Ruling"), at 2. The court noted that plaintiffs' motions for class certification, declaratory judgment, and injunctive relief had all been denied, but stated that this did not mean that plaintiffs were not prevailing parties:
 
 
 5
 In fact, the arguments of the plaintiffs prompted the court to appoint three doctors to review the state's plans for relocating plaintiffs to facilities comparable to Laurel Heights. The results of these doctors' review, which were reported to the court before the scheduled closing date of Laurel Heights, satisfied the court and the plaintiffs of the adequacy of the state's disposition plans.
 
 
 6
 Thus, the court allowed Laurel Heights to close on schedule, not because plaintiffs utterly failed in their proof, but because the thorough and tireless efforts of the court-appointed doctors allowed the court to reach an informed decision before the scheduled closing date.
 
 
 7
 The court recognizes defendants' contention that the court-appointed doctors merely confirmed the soundness of the existing plans of the state for relocating the plaintiffs. The court also recognizes, however, that the slow-turning wheels of the bureaucracy no doubt moved more quickly and efficiently when subject to the scrutiny of the court-appointed doctors.
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 Thus, the court finds that plaintiffs qualify as prevailing parties within the scope of Sec. 1988, and are entitled to an award of attorney's fees. Accordingly, to the extent that it seeks some award of fees, plaintiffs' motion is GRANTED.
 
 
 11
 First Ruling at 3-4. The court directed the parties to brief the question of the amount of "reasonable fees."
 
 
 12
 The parties duly submitted additional briefs; plaintiffs sought an award of $30,349.04. The court awarded $15,806.25. In discussing the factors to be considered in determining the amount of the award, the court stated as follows:
 
 
 13
 The court disagrees with defendants' characterization of plaintiffs' degree of success as "extremely limited." All of plaintiffs' claims were aimed at ensuring that if Laurel Heights closed as scheduled on March 12, 1981, its patients would be transferred to institutions offering comparable rehabilitative facilities. Plaintiffs fully achieved this aim. This is a case where "the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." Eckerhart, 103 S.Ct. at 1940 (emphasis added); id. at 1941 n. 11.
 
 
 14
 Ruling on Plaintiffs' Motion for Attorney's Fees, dated February 10, 1984 ("Second Ruling"), at 7.
 
 
 15
 This appeal by the State followed.
 
 DISCUSSION
 
 16
 Section 1988 of 42 U.S.C. permits the court, in its discretion, to award a reasonable attorney's fee to the prevailing party in an action brought under 42 U.S.C. Sec. 1983. The language of Sec. 1988 "has been construed to effectuate the broad remedial purpose of the statute," McCann v. Coughlin, 698 F.2d 112, 128 (2d Cir.1983), and the district judge has considerable discretion in determining whether or not an award should be made. His discretion is, however, bound by the thrust of the statute, which is that such an award should be made only to a "prevailing" party.
 
 
 17
 A plaintiff need not have won a judgment on all of his claims in the litigation in order to be a prevailing party within the meaning of Sec. 1988; he may be said to have prevailed if he has "succeed[ed] on any significant issue in litigation which achieves some of the benefits [he] sought in bringing suit." Hensley v. Eckerhart, supra, 103 S.Ct. at 1939 (quoting Nadeau v. Helgemoe, supra, 581 F.2d at 278-79, and stating that "[t]his is a generous formulation ...."). We have adopted this standard in a case involving attorney's fees under a statutory section that used language "virtually identical" to that of Sec. 1988. United States v. Board of Education, 605 F.2d 573, 576 (2d Cir.1979). We have also approved the award of fees when the litigation has produced a settlement that induced the defendant to change its policies. See Gagne v. Maher, 594 F.2d 336, 340-41 (2d Cir.1979), aff'd, 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980). Further, while this Court apparently has not considered a formulation more "generous" than that endorsed in Hensley v. Eckerhart, we note that the First Circuit has deemed a plaintiff to have prevailed within the meaning of Sec. 1988 when the suit was a "catalyst" to further action that gave plaintiff the relief sought without need for entry of a judgment, Nadeau v. Helgemoe, supra, 581 F.2d at 279; Coalition for Basic Human Needs v. King, 691 F.2d 597, 599 (1st Cir.1982), and that at least one district court within this Circuit has referred, obiter, to the catalyst test, see Marci v. City of New Haven, 503 F.Supp. 6, 8 (D.Conn.1980).
 
 
 18
 The thread common to all of these interpretations of "prevailing" is that the plaintiff has achieved some vindication of his rights as a result of the lawsuit. If, however, the lawsuit results in no recognition, either by the court in a ruling or by the defendant in words or actions, that any right of the plaintiff has been violated or jeopardized by the defendant, it is difficult to conclude that the plaintiff has prevailed. The mere fact that a plaintiff may be reassured as a result of his lawsuit would not make him a prevailing party. We see no indication that Congress intended that fees be awarded to a plaintiff whose complaint was dismissed and who obtained only benefits that the defendant plainly would have conferred even in the absence of a lawsuit. See generally S.Rep. No. 1011, 94th Cong., 2d Sess., reprinted in 1976 U.S.Code Cong. & Ad.News 5908.
 
 
 19
 In the present case, it is not clear from the district court's opinions that the plaintiffs achieved any vindication of their rights as a result of the lawsuit. Judgment was entered against them on every claim they made. The court's First Ruling noted this, but indicated that plaintiffs had not "failed," because there had been an appointment of special masters who had aided the court in determining that the State's plan was adequate to meet the needs of the plaintiffs. If this were the basis for the award, we would be constrained to reverse. The appointment of special masters who only aid the court in determining that it is appropriate to deny all relief is neither success on an issue in the litigation nor the type of productive prodding that might bring the plaintiffs within the ambit of Sec. 1988.
 
 
 20
 The court also indicated, however, that it believed "that the slow-turning wheels of the bureaucracy no doubt moved more quickly and efficiently when subject to the scrutiny of the court-appointed doctors," First Ruling at 3, and later stated that the plaintiffs had fully achieved the aim of all of their claims, which was ensuring that if the Hospital was closed as scheduled, its patients would be transferred to institutions offering comparable rehabilitative facilities. Second Ruling at 2. These general statements may have been intended to suggest that the lawsuit resulted in benefits to the plaintiffs, but they are not supported by any factual findings that the suit itself resulted in any cognizable benefit. Rather, the court's most specific finding was that the Special Masters' report "satisfied the court and the plaintiffs of the adequacy of the state's disposition plans." First Ruling at 3. Thus, the court allowed the State to close the Hospital, and to close it in accordance with the schedule originally announced. There was no finding that as a result of the suit the State took any action that it would not have taken in the absence of the suit, or that any planned action by the State was abandoned, accelerated, or slowed as a result of the suit.
 
 
 21
 The plaintiffs argue here that they did achieve benefits by bringing the lawsuit, in that, inter alia, the placement plan for one of them was changed, the State agreed to augment other facilities as necessary to care for former patients of the Hospital, and the appointment of the special masters alleviated the panic previously experienced by the patients of the Hospital as a result of the announced closing. As indicated above, the last mentioned effect would not suffice to support a finding that the plaintiffs were prevailing parties; as to the others, there are no findings by the court that these events occurred or that they occurred as a result of the lawsuit.
 
 
 22
 In the circumstances, since it is not clear what facts the court relied on in determining that the plaintiffs were prevailing parties, and since it may be that despite the denial of all of the plaintiffs' claims they did achieve as a result of the suit some success that would warrant an award of attorney's fees, we remand for the district court for findings and clarification. We express no view as to the reasonableness of any award, and we do not foreclose further consideration by the court, if it concludes that an award is warranted, of the appropriate amount of such an award.
 
 CONCLUSION
 
 23
 We vacate so much of the judgment as awarded attorney's fees and costs to the plaintiffs and remand for further proceedings in accordance with this opinion.
 
 
 
 *
 Honorable Howard T. Markey, Chief Judge of the United States Court of Appeals for the Federal Circuit, Washington, D.C., sitting by designation