**Charles KUTAS, Plaintiff,**

v.

**Edward V. REGAN, individually as Comptroller of the State of New York and as Trustee of the New York State Employees' Retirement System, Defendant.**

**No. 88 Civ. 0567 (MGC).**

United States District Court, S.D. New York.

May 22, 1989.

**446**

Edgar Pauk, Legal Services for the Elderly, New York City, for plaintiff.

Robert Abrams, Atty. Gen. of State of N.Y., New York City by Barbara B. Butler and Jan P. Ryan, Asst. Attys. Gen., for defendant.

## OPINION AND ORDER

CEDARBAUM, District Judge.

Before discontinuing this moot action, counsel for plaintiff has applied for attorney's fees pursuant to 42 U.S.C. § 1988 "as the prevailing party in this action." For the reasons discussed below, the application for attorney's fees is denied and the action is dismissed.

## BACKGROUND

The background facts are undisputed. In 1971, plaintiff, who was then a Hungarian refugee of seventy-three years of age, applied for employment with the State of New York and represented that his age was fifty-seven. He was employed by the New York State Motor Vehicle Department for ten years. At age eighty-three, ill health forced plaintiff to retire and apply to the New York State Employees' Retirement System ("NYSERS") for a pension.

After plaintiff submitted his birth certificate to NYSERS, he was denied a pension on the ground that he had been ineligible for the state retirement system when he was first hired because he was then past the age of seventy. Plaintiff exhausted his administrative remedies. Then he brought, pursuant to § 74(d) of the New York Retirement and Social Security Law ("RSSL"), an article seventy-eight proceeding in the Supreme Court of Albany County. Section 74(d) provides that a final determination by the state comptroller with regard to a pension "shall be subject to

review only as provided in article seventy-eight of the civil practice law and rules." N.Y.Retire. & Soc.Sec.Law § 74(d) (McKinney 1987).

In addition to the article seventy-eight proceeding, plaintiff brought an action in the Supreme Court of New York County for a declaration that § 74(d) violates article V § 7 of the New York State constitution. Article V § 7 states that "membership in any pension or retirement system of the state ... shall be a contractual relationship, the benefits of which shall not be diminished or impaired." Plaintiff argued to the court that because the New York Constitution provides that a state pension is a contract, and RSSL § 74(d) limits court review to article seventy-eight proceedings in which a claim of breach of contract cannot be asserted, RSSL § 74(d) violates the New York Constitution.

The Supreme Court of New York County held that it was "not persuaded that section 74(d) is unconstitutional," and suggested that plaintiff should "test that belief [in a contractual cause of action] by bringing an action in the Court of Claims." Plaintiff appealed this decision to the First Department and also sued defendant in the New York Court of Claims. The Court of Claims, after examining the "statutory/contractual scheme" of the RSSL, held that "the subject claim is wholly within the purview of the RSSL and hence wholly outside the subject matter of the jurisdiction of the Court of Claims."

Plaintiff appealed the Court of Claims decision to the First Department and obtained consolidation of his two appeals. Oral argument on the consolidated appeals was heard on December 17, 1987. While the matter was awaiting adjudication by the First Department, plaintiff filed this action pursuant to 42 U.S.C. § 1983.

In this civil rights case, plaintiff complains that by depriving him of a cause of action in contract, defendant, the Comptroller of the State of New York,[1] deprived him of property under color of state law without due process, in violation of the Four-

---

1. It is not necessary at this stage of a moot case to analyze how the Comptroller deprived plaintiff of a cause of action in contract.

teenth Amendment of the United States Constitution. The relief sought in the complaint is a declaratory judgment by this Court that RSSL § 74(d) is void because it violates the Constitution of the United States, and a mandatory injunction directing defendant to pay plaintiff a pension retroactive to his retirement.

Shortly after this civil rights suit was filed, *The Manhattan Lawyer*, in its February 9, 1988, issue discussed the suit in its regular "Who's Suing Whom" column. *The Manhattan Lawyer* piece attracted the attention of a writer for *The Daily News*, who published a moving article about the plaintiff's plight on Sunday, February 21, 1988. In a follow-up article the next day, *The Daily News* quoted defendant as saying that "he first learned about the case after *The Daily News* made inquiries," and that the denial of a pension to plaintiff was a "tragic injustice." The article also quoted the Comptroller as saying that he would ask the legislature to enact a statute that would permit plaintiff to receive a pension. Such a statute was enacted in August of 1988, and plaintiff has applied for and is receiving his full pension retroactive to 1981.

### THE FEE APPLICATION

42 U.S.C. § 1988 provides, in pertinent part, that

> In any action or proceeding to enforce a provision of [§ 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

It is the contention of plaintiff's counsel, the Deputy Director of Legal Services for the Elderly, that because plaintiff's federal lawsuit acted as a "catalyst" in bringing about the payment of his pension, plaintiff is a prevailing party entitled to attorneys fees for the time expended on this litigation. Defendant opposes the application for attorneys fees and cross-moves to dismiss the complaint on the grounds that plaintiff cannot fairly be said to have prevailed in this action, and that the complaint entirely lacks merit.

The main thrust of defendant's opposition to the recovery by plaintiff of legal fees is that plaintiff's legal position in no respect caused plaintiff to succeed in receiving a pension from the State of New York. Although a plaintiff need not have obtained relief solely through a formal judgment to recover attorney's fees under § 1988, "the prevailing party must show a causal connection between the relief obtained and the litigation in which fees are sought." *Gerena–Valentin v. Koch*, 739 F.2d 755, 758 (2d Cir.1984). "A causal connection exists if the plaintiff's lawsuit was a catalytic, necessary, or substantial factor in obtaining the relief." *Id.* (citations omitted); *see also Rose v. Heintz*, 806 F.2d 389, 391 (2d Cir.1986).

In this case, the issuance of a press release rather than the filing of a lawsuit could have achieved the same result, since it was the newspaper's presentation of plaintiff's sympathetic situation, and not plaintiff's legal position, that moved the Comptroller to support legislative relief for the plaintiff. Thus, the lawsuit cannot be considered the cause of plaintiff's receipt of a state pension.

Attorneys fees are unwarranted for another reason. The purpose of § 1988 is to encourage and assist impecunious plaintiffs with meritorious civil rights claims—that is, plaintiffs who have been deprived of federal constitutional rights but who might otherwise abandon legal claims "because of the financial imperatives surrounding the hiring of competent counsel." *Kerr v. Quinn*, 692 F.2d 875 (2d Cir.1982); *see also City of Riverside v. Rivera*, 477 U.S. 561, 576–80, 106 S.Ct. 2686, 2695–97, 91 L.Ed.2d 466 (1986); *Gerena–Valentin*, 739 F.2d at 759; *Seattle School District No. 1 v. State of Washington*, 633 F.2d 1338, 1348 (9th Cir.1980), *aff'd*, 458 U.S. 457, 102 S.Ct. 3187, 73 L.Ed.2d 896 (1982). Allowing plaintiffs with frivolous legal claims also to receive that assistance and encouragement would create an incentive to file those frivolous civil rights claims in the federal courts. Such was clearly not Congress' intention in enacting § 1988, nor have courts shown any desire to so expand the statute to include such claims. *See, e.g., Hewitt v. Helms*, 482 U.S. 755, 760, 107 S.Ct. 2672, 2676, 96 L.Ed.2d 654 (1987)

("Respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail."); *Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) (liability on merits and responsibility for fees "go hand in hand"); *Rose v. Heintz,* 806 F.2d 389 (2d Cir.1986) (examining merits of claim); *Gingras v. Lloyd,* 740 F.2d 210, 212 (2d Cir.1984) (if lawsuit results in no recognition that any right has been violated, "it is difficult to conclude that the plaintiff has prevailed"); *Nadeau v. Helgemone,* 581 F.2d 275, 281 (1st Cir.1978) (prevailing party test is legal as well as factual; gratuitous action on defendant's part does not make plaintiff prevailing party); *cf. Hanrahan v. Hampton,* 446 U.S. 754, 757–58, 100 S.Ct. 1987, 1989–90, 64 L.Ed.2d 670 (1980) (party must have established entitlement to some relief on merits of claims to recover fees pendente lite).

Plaintiff argues that the words "contractual relationship" in the New York Constitution require the New York courts to recognize a cause of action labelled "breach of contract" to vindicate pension claims. The claim that a New York statute violates the pension provision of the New York Constitution is not a claim of deprivation of a federal constitutional right. Plaintiff cannot contend that he has had no opportunity for judicial review of his state contentions. He has been before three New York state courts on this same claim, and could have sought leave to appeal to the Court of Appeals if the First Department had ruled against him. Plaintiff's position in this lawsuit, even if he adds the words "a violation of the Fourteenth Amendment to the United States Constitution," is simply that he disagrees with the interpretation given to the New York constitution by the New York courts.

Plaintiff's application for legal fees is denied. The complaint in this action is dismissed as moot.

SO ORDERED.