**Sally McKEVITT, et al., Plaintiffs,**

v.

**CITY OF MERIDEN, et al., Defendants.**

**Civ. No. N–88–336 (WWE).**

United States District Court,
D. Connecticut.

April 15, 1993.

## RULING ON APPLICATION FOR AWARD OF ATTORNEYS' FEES AND COSTS (# 67)

EGINTON, Senior District Judge.

Plaintiffs move this court to determine reasonable attorneys' fees and costs pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988. Judgment in this § 1983 action was entered in favor of plaintiff Jamie Empronto on the unlawful arrest count and $1,500 in damages was awarded. Judgment was entered in favor of plaintiff Amy McKevitt on the intentional infliction of emotional distress count and $1,000 in damages was awarded. Defendants prevailed on all other counts. Plaintiffs' attorneys now seek compensation in the amount of $102,027.75, enhanced 50 percent to $150,000.

Plaintiffs derive their fee as follows. Attorney Jon L. Schoenhorn expended 313.95 hours at a rate of $175 per hour for a total of $54,941.25. Attorney Pamela R. Hershinson expended 257.88 hours at a rate of $175 per hour for a total of $45,129.00. Law clerk Stephanie Bernstein expended 39.15 hours of time at a rate of $50 per hour for a total of $1,957.50. The combined total, or lodestar, is $102,027.75.

Plaintiffs ask the court to increase the lodestar by 50 percent to $150,000. They contend that the upward adjustment is warranted because of delay in payment, quality of work performed, contingency nature of the case, plaintiffs' inability to pay and apparent unpopularity in Meriden which necessitated substantial advances of fees and costs by their attorneys, and defendant Matos' ha-

rassing federal law suit against plaintiffs' counsel.

Defendants oppose plaintiffs' application on several grounds. They contend that plaintiffs did not prevail at trial for the purposes of awarding attorneys' fees pursuant to § 1988; that the action was not a meritorious civil rights claim as required by § 1988; that the $1,500 award to Jamie Empronto on the unlawful arrest count does not entitle her to attorneys' fees as a matter of course; that Empronto is not entitled to an award of attorney's fees because she neither substantially prevailed at trial on a constitutional claim nor obtained a significant result; that plaintiffs' attorneys failed to file contemporaneous time records along with their application for fees; and that there are special circumstances that make the award of attorneys' fees unjust, such as defendants' belief that the case should not have been brought under § 1983.

Defendants recommend in the alternative that if the court determines that attorneys' fees should be awarded pursuant to § 1988, the fee should be reduced to $3,188.37 because of plaintiffs' limited success at trial. They calculate this figure in three stages. First, defendants decreased by 75 percent the lodestar, $102,027.94, to $25,506.94, to take into account the fact that Jamie Empronto was the only one of four plaintiffs to recover on a civil rights claim. Next, defendants decreased by another 75 percent the $25,506.94 to $6,376.74 to reflect the fact that Empronto prevailed on only one of four claims.[1] Finally, defendants decreased by 50 percent the $6,376.74 to $3,188.37 to adjust for the fact that Empronto was awarded only compensatory damages and not punitive damages.

## DISCUSSION

Section 1988 of Title 42 permits the court, in its discretion, to award a reasonable attorney's fee to the prevailing party in an action brought under 42 U.S.C. § 1983. Section 1988(b) provides that:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

In considering whether to award attorney's fees in a civil rights action, the district court must first determine whether the plaintiff was a prevailing party, and then must determine what constitutes a reasonable fee. *Cowan v. Prudential Ins. Co. of America*, 935 F.2d 522 (2d Cir.1991). Parties have "prevailed" for purposes of shifting attorneys' fees if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the action. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir.1978), and stating that "[t]his is a generous formulation ...."). To prevail under § 1988, plaintiff must have achieved some vindication of his or her rights as a result of the lawsuit. *Gingras v. Lloyd*, 740 F.2d 210, 212 (2d Cir.1984).

Here, a jury determined that defendant police officers unlawfully arrested plaintiff Empronto in violation of her civil rights, and awarded her a judgment of $1,500.00.[2] The court finds that plaintiffs prevailed on a significant issue in litigation, even though plaintiffs did not prevail on all their claims. *See Ruggiero v. Krzeminski*, 928 F.2d 558 (2d Cir.1991) (homeowners awarded nominal damages on unlawful search claim were "prevailing parties" entitled to attorneys' fees under the federal civil rights statute); *Gingras v. Lloyd*, 740 F.2d at 212 (plaintiff need not win a judgment on all his claims in the litigation in order to be a prevailing party within the meaning of § 1988).

The next task is to determine what constitutes a reasonable fee. Plaintiffs pro-

---

1. Empronto prevailed on the February 23, 1987 unlawful arrest claim but did not prevail on the unlawful search claim, excessive force claim, and unlawful arrest claim of April 12, 1987.

2. The jury also found for plaintiff Amy McKevitt on her state law claim of intentional infliction of emotional distress and awarded her $1,000.00.

pose a lodestar of $102,027.75 enhanced to $150,000. Defendants argue that the lodestar should be reduced proportionately to take into account that only one of four plaintiffs prevailed, that only one of that plaintiff's four claims prevailed, and that plaintiff was awarded only compensatory damages and not punitive damages.

In assessing the amount of fees, the most critical factor is the degree of success obtained by the prevailing party. *Hensley v. Eckerhart,* 461 U.S. at 436, 103 S.Ct. at 1941. It is within the court's discretion to adjust the lodestar figure to take into account the quality of the attorney's representation. *Cohen v. West Haven Board of Police Commissioners,* 638 F.2d 496, 505 (2d Cir.1980).

In the instant case, plaintiffs had excellent representation but a low degree of success. Based upon the level of success, and taking into account the attorneys' skill levels, the court finds that Attorney Schoenhorn is entitled to $6,000.00 in attorney's fees; Attorney Hershinson is entitled to $5,000.00 in attorney's fees; and law clerk Bernstein is entitled to $800.00 in attorney's fees.

## CONCLUSION

For the reasons stated above, the Application for Award of Attorneys' Fees and Costs (# 67) is GRANTED to the extent that Attorney Jon L. Schoenhorn is awarded $6,000.00 in attorney's fees; Attorney Pamela R. Hershinson is awarded $5,000.00 in attorney's fees; and Law Clerk Stephanie Bernstein is awarded $800.00 in attorney's fees. Defendants are directed to pay these sums to plaintiffs, plus costs as set forth in the Bill of Costs.